

*Send Enter Closed*

FILED
CLERK, US DISTRICT COURT
FEB 20 2007
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

SCANNED

ENTERED
CLERK, U.S. DISTRICT COURT
FEB 20 2007
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN DEL NERO AND NICOLE SHAKER, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., MRC RECEIVABLES CORP., AND DOES 1-10, <br><br> Defendants | NO. 04-1040 GPS (SHX) <br><br> **Order Awarding Attorneys' Fees and Costs to Defendants** |

On November 27, 2006, this Court held a hearing regarding Defendants' Motion For Attorneys Fees And Related Non-Taxable Costs ("Defendants' Motion"). As stated in this Court's November 27, 2006 Order, the Court **GRANTED** Defendants' Motion against Plaintiff Darren Del Nero and took the issue of whether Plaintiff's counsel should be jointly and severally liable for these fees and costs **UNDER SUBMISSION**. The Court also allowed the parties to submit supplemental briefing regarding the attorneys' fees and costs

193

that Defendants' counsel incurred since filing their Motion For Attorneys' Fees and Related Non-Taxable Costs.[1] Having received this additional briefing, the Court rules as follows:

1. Plaintiff's present Fair Debt Collection Practices Act ("FDCPA") case was brought to trial despite the fact that Plaintiff's only supporting witness was wholly without credibility. See Findings of Fact and Conclusions of Law [Dkt. #144].

2. The record of the present case as well as Plaintiff's pattern of filing apparently frivolous cases asserting debt collection violations establish that the present case was brought in bad faith and for the purpose of harassment as defined in 15 U.S.C. § 1692k(a)(3). See Darren D. Chaker[2] v. Felipa R. Richland, et. al., CV 05-7851 RSWL (PLAx) (C.D. Cal. 2005) (awarding attorneys' fees of $42,934.84 against Plaintiff Del Nero for filing a baseless lawsuit); Darren D. Chaker v. Imperial Collection Services, CV 04-2728 PA (C.D. Cal. 2004) (alleging claims under the FDCPA virtually identical to the claims found to be without merit in the present case); Darren Del Nero v.

---

[1] Contrary to this Court's clear Order, Plaintiff's counsel filed a Supplemental Declaration regarding the issue this Court took under submission on November 27, 2006: whether Plaintiff's counsel would be liable for fees and costs in this action. This additional briefing proved to be against counsel's interests because it provided more evidence that Plaintiff's counsel should be liable for Defendants' fees and costs.

[2] Plaintiff Darren Del Nero also goes by the name Darren D. Chaker.

*Riddle & Associates PC, et al.*, CV 03-6511 GHK (RZx) (C.D. Cal. 2003) (same).

3. Defendants Counsel are awarded a total of **$155,979.09** in fees and costs, which includes the $137,616.69 originally awarded as well as the supplemental fees and costs of $18,362.40. Plaintiff, Darren Del Nero, is liable for this entire amount for bringing this Fair Debt Collection Practices Act ("FDCPA") case in bad faith and for the purpose of harassment. *See* 15 U.S.C. § 1692k(a)(3).

4. **The award of fees and costs is to be borne *jointly and severable* by Plaintiff Darren Del Nero and his counsel, Hyde & Swigart.** The law allows a court to impose fees on counsel for a party who files a FDCPA claim in bad faith under § 1692k(a)(3) of the FDCPA and Rule 11 of the Federal Rules of Civil Procedure. *See Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997); *Sierra v. Foster & Garbus*, 48 F.Supp.2d 393 (S.D.N.Y. 1999). The Court finds that fees should be imposed on counsel in this case because Plaintiff's counsel continued to file FDCPA suits on behalf of Mr. Del Nero *after* the court trial in this case. In his supplemental declaration Plaintiff's counsel, Mr. Hyde, states that it was not until the trial in this case that he realized his client had been "less than forthcoming" about the "facts surrounding the . . . trial in this matter." (Supp. Decl. Of Hyde at ¶32.) Based on what Mr. Hyde learned about his client, he asserts that "had [he] known

then what [he] know[s] now, or even 1/1,00,000th [sic] of what [he] know[s] now, about Mr. Del Nero, [he] would *never have agreed to represent him in this case or any other matter.*" (*Id.* at ¶38.) While the Court appreciates the candor of this statement, Mr. Hyde appears to have said one thing and done another. The Court trial in ths matter ended on March 24, 2005 and the parties closing briefs were due on April 15, 2005. Yet despite what Plaintiff's counsel stated he learned about his client during trial, his firm chose to continue representing Mr. Del Nero in other FDCPA actions and even filed a new complaint on November 3, 2005.[3] This filing was *months* after the trial in this case where Plaintiff's counsel claims he first learned of his client's numerous problems. Further, this November 2005 action also resulted in an award of attorneys' fees against Plaintiff Del Nero for filing a baseless action.

Taken together these post-trial facts and counsel's representation of Mr. Del Nero in numerous other FDCPA actions demonstrate that Plaintiff's counsel participated in the filing of bad faith FDCPA actions and should therefore be liable for Defendants' attorneys' fees along with Plaintiff Del Nero.

**IT IS SO ORDERED.**

DATED: February __16__, 2007

_____
Hon. George P. Schiavelli
United States District Judge

---

[3] *Darren D. Chaker v. Felipa R. Richland, et al*, CV-05-7851 RSWL (PLAx)