Bill _____
Fees Pd _____
Frns Gvn _____
CAD _____
TDO _____
Ntc/Dkt Mld _____
FP Frms Gvn _____

1   Joshua B. Swigart
    State Bar No.: 225557

2   Robert L. Hyde
    State Bar No.: 227183

3   HYDE & SWIGART
    411 Camino Del Rio South, Ste. 301

4   San Diego, CA 92108
    Telephone: (619) 233-7770

5   Facsimile:   (619) 330-4657

FILED
CLERK, U S DISTRICT COURT
MAR - 1 2007
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

S : 00

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL - POSTAGE PREPAID. TO ALL COUNSEL
OR PARTIES) AT THEIR RESPECTIVE. MOST RECENT, ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE.

DATED     3-7-07

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darren Del Nero and Nicole Shaker, | Case No.: CV04-1040 GPS (SHx) |
| Plaintiff, | **Notice of Appeal By Appellants** |
| v. | Judge: Hon. George P. Schiavelli |
| Midland Credit Management, Inc., | |
| MRC Receivables Corporation., and | |
| Does 1-10, | |
| Defendant, and; | |
| Hyde & Swigart; Robert L. Hyde; | |
| Joshua B. Swigart, | |
| Appellants. | |

DOCKETED ON CM
MAR - 7 2007
BY _____ 184

(194)

ORIGINAL

Notice is hereby given that the above named appellants, Hyde & Swigart, Robert L. Hyde and Joshua B. Swigart, in the above named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from an "Order Awarding Attorneys' Fees and Costs to Defendants" heard on oral argument on 27th day of November, 2006, and entered in this action on the 20th day of February, 2007.

Dated: _February 28, 2007                    Respectfully submitted,

                                             **HYDE & SWIGART**

                                             By:_____
                                                Joshua B. Swigart, Esq.
                                                Attorney for Plaintiff

Case 2:04-cv-01040-G●-SH Document 183 Filed 11/27/2●6 PagesEND1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 04-1040-GPS(SHx): | Date | November 27, 2006 |
| Title | *Darren Del Nero et al v. Midland Credit Management Inc.* | | |

---

Present: The Honorable **GEORGE P. SCHIAVELLI, United States District Judge**

| Jake Yerke | Rosalyn Adams | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: · |
|---|---|
| Robert Hyde | Stephen Turner |

**Proceedings:**     Defendants' Motion for Attorneys' Fees and Related Non-Taxable Costs (filed 8/10/06)

Court and counsel present, hearing held. Court hears argument from both parties.

Court **GRANTS** Defendants' Motion for Attorneys' Fees and Related Non-Taxable Costs in the amount of $137, 616.69 against Plaintiff Darren Del Nero. The Court is taking the issue of whether Plaintiff's counsel should be jointly and severally liable for these fees and costs **UNDER SUBMISSION**. Defendants' supplemental brief regarding the additional fees and costs it incurred in briefing the present motion is limited to **ten pages** and is due no later than **December 4, 2006.** Any opposition by Plaintiff is also limited to **ten pages** and is due **December 11, 2006.**

It is so ordered.

: 40

Initials of Preparer     JY



*P Send Enter Closer.*

```
                              FILED
                    CLERK, U S DISTRICT COURT

                        FEB 2 0 2007

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY                    DEPUTY
```

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

```
                                        ENTERED
                                CLERK, U.S. DISTRICT COURT

                                    FEB 2 0 2007

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY                      DEPUTY
```

9

10   DARREN DEL NERO AND NICOLE              )   NO. 04-1040 GPS (SHX)
     SHAKER,                                 )
11                                           )
                                             )
12                 Plaintiff,                )
                                             )   **Order Awarding Attorneys' Fees and**
13                                           )   **Costs to Defendants**
                                             )
14          v.                               )
                                             )
15                                           )
     MIDLAND CREDIT MANAGEMENT,              )
16   INC., MRC RECEIVABLES CORP., AND        )
     DOES 1-10,                              )
17                                           )
                                             )
18                                           )

19                 Defendants

20   _____

21        On November 27, 2006, this Court held a hearing regarding Defendants' Motion For

22   Attorneys Fees And Related Non-Taxable Costs ("Defendants' Motion"). As stated in this

23   Court's November 27, 2006 Order, the Court **GRANTED** Defendants' Motion against

24

25   Plaintiff Darren Del Nero and took the issue of whether Plaintiff's counsel should be jointly

26   and severally liable for these fees and costs **UNDER SUBMISSION**. The Court also

27   allowed the parties to submit supplemental briefing regarding the attorneys' fees and costs

28

                                                            193

1   that Defendants' counsel incurred since filing their Motion For Attorneys' Fees and Related

2   Non-Taxable Costs.[1]  Having received this additional briefing, the Court rules as follows:

3

4   1.   Plaintiff's present Fair Debt Collection Practices Act ("FDCPA") case was

5        brought to trial despite the fact that Plaintiff's only supporting witness was

6        wholly without credibility.  See Findings of Fact and Conclusions of Law [Dkt.

7        #144].

8

9

10  2.   The record of the present case as well as Plaintiff's pattern of filing

11       apparently frivolous cases asserting debt collection violations establish that

12       the present case was brought in bad faith and for the purpose of harassment

13       as defined in 15 U.S.C. § 1692k(a)(3).  See Darren D. Chaker[2] v. Felipa R.

14       Richland, et. al., CV 05-7851 RSWL (PLAx) (C.D. Cal. 2005) (awarding

15       attorneys' fees of $42,934.84 against Plaintiff Del Nero for filing a baseless

16

17       lawsuit); Darren D. Chaker v. Imperial Collection Services, CV 04-2728 PA

18       (C.D. Cal. 2004) (alleging claims under the FDCPA virtually identical to the

19       claims found to be without merit in the present case); Darren Del Nero v.

20  _____

21       [1]   Contrary to this Court's clear Order, Plaintiff's counsel filed a

22  Supplemental Declaration regarding the issue this Court took under submission on

23  November 27, 2006: whether Plaintiff's counsel would be liable for fees and costs in this

24  action.  This additional briefing proved to be against counsel's interests because it

25  provided more evidence that Plaintiff's counsel should be liable for Defendants' fees

26  and costs.

27

28       [2]   Plaintiff Darren Del Nero also goes by the name Darren D. Chaker.

*Riddle & Associates PC, et al.,* CV 03-6511 GHK (RZx) (C.D. Cal. 2003) (same).

3. Defendants Counsel are awarded a total of **$155,979.09** in fees and costs, which includes the $137,616.69 originally awarded as well as the supplemental fees and costs of $18,362.40. Plaintiff, Darren Del Nero, is liable for this entire amount for bringing this Fair Debt Collection Practices Act ("FDCPA") case in bad faith and for the purpose of harassment. *See* 15 U.S.C. § 1692k(a)(3).

4. **The award of fees and costs is to be borne *jointly and severable* by Plaintiff Darren Del Nero and his counsel, Hyde & Swigart.** The law allows a court to impose fees on counsel for a party who files a FDCPA claim in bad faith under § 1692k(a)(3) of the FDCPA and Rule 11 of the Federal Rules of Civil Procedure. *See Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997); *Sierra v. Foster & Garbus*, 48 F.Supp.2d 393 (S.D.N.Y. 1999). The Court finds that fees should be imposed on counsel in this case because Plaintiff's counsel continued to file FDCPA suits on behalf of Mr. Del Nero *after* the court trial in this case. In his supplemental declaration Plaintiff's counsel, Mr. Hyde, states that it was not until the trial in this case that he realized his client had been "less than forthcoming" about the "facts surrounding the ... trial in this matter." (Supp. Decl. Of Hyde at ¶32.) Based on what Mr. Hyde learned about his client, he asserts that "had [he] known

1   then what [he] know[s] now, or even 1/1,00,000th [*sic*] of what [he] know[s]

2   now, about Mr. Del Nero, [he] would *never have agreed to represent him in*

3   *this case or any other matter.*" (*Id.* at ¶38.) While the Court appreciates the

4   candor of this statement, Mr. Hyde appears to have said one thing and done

5

6   another. The Court trial in ths matter ended on March 24, 2005 and the

7   parties closing briefs were due on April 15, 2005. Yet despite what Plaintiff's

8   counsel stated he learned about his client during trial, his firm chose to

9   continue representing Mr. Del Nero in other FDCPA actions and even filed

10

11   a new complaint on November 3, 2005.[3] This filing was *months* after the trial

12   in this case where Plaintiff's counsel claims he first learned of his client's

13   numerous problems. Further, this November 2005 action also resulted in an

14   award of attorneys' fees against Plaintiff Del Nero for filing a baseless action.

15   Taken together these post-trial facts and counsel's representation of

16   Mr. Del Nero in numerous other FDCPA actions demonstrate that Plaintiff's

17   counsel participated in the filing of bad faith FDCPA actions and should

18

19   therefore be liable for Defendants' attorneys' fees along with Plaintiff Del

20   Nero.

21

22   **IT IS SO ORDERED.**

23

24   DATED: February _16_, 2007

25

26   Hon. George P. Schiavelli
    United States District Judge

27

28      [3]   *Darren D. Chaker v. Felipa R. Richland, et al,* CV-05-7851 RSWL (PLAx)

1  *Darren Del Nero and Nicole Shaker v. Midland Credit Management, Inc. el al.*
   United States District Court, Central District of California,
2  Case No. CV04-1040

3                              **PROOF OF SERVICE**

4  I, Robert L. Hyde, declare as follows:

5  I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego,
   California where the mailing occurs: My business address is 411 Camino Del Rio South, Suite 301, San
6  Diego, California 92108. I am readily familiar with our business' practice of collecting, processing and
   mailing of correspondence and pleadings for mail with the United Postal Service.
7
   On February 28, 2007, I served the foregoing document(s) described as
8
   NOTICE OF APPEAL BY APPELLANTS
9

10 On the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope
   addressed as follows:
11
   **Stephen H. Turner**
12 **Lewis Brisbois Bisgaard & Smith LLP**
   **221 North Figueroa Street, Suite 1200**
13 **Los Angeles, CA  90012**

14         ☑  BY MAIL, by placing a copy thereof in a separate envelope for each addressee named above,
              addressed to each addressee respectively, and then sealed each envelope and, with the
15            postage thereon fully prepaid, deposited each in the United States mail at San Diego,
              California in accordance with our business' practice.
16
           ☐  BY PERSONAL SERVICE, by placing a copy thereof in a separate envelope for each addressee
17            named above, addressed to each such addressee respectively, and caused such envelope to be
              delivered by hand to the offices of addressee.
18
           ☐  BY FACSIMILE, this document was transmitted by facsimile transmission from
19            (619) 330-4657 and transmission was reported as complete and without error. A copy of the
              transmission report is attached to this affidavit.
20
   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
21 correct. Executed on February 28, 2007, at San Diego, California.

22

23                                                              Robert L. Hyde

24

25

26

27

28