UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-1040 ABC (SHx) | | Date | March 30, 2010 |
|---|---|---|---|---|
| Title | Darren Del Nero, et al. v. Midland Credit Management, et al. | | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Irene Ramirez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None Present | | None Present | |

**Proceedings:**     ORDER DENYING MOTION FOR FEES AND COSTS (In Chambers)

    Pending before the Court is Defendants' motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. (Mot. (Docket # 246).) The motion seeks fees and costs from Plaintiff's counsel, Intervenor Hyde & Swigart. Intervenor filed an opposition, and Defendants filed a reply. (Opp'n (Docket # 247), Reply (Docket # 253).) Having reviewed the record and the papers submitted, the Court hereby **DENIES** the motion.

    Plaintiff initially brought this case for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and California's unfair competition law. This case was previously assigned to Judge Schiavelli, who is no longer serving on the bench. Following trial, Judge Schiavelli awarded Defendants fees and costs against Intervenor under the FDCPA, 15 U.S.C. § 1692k(a)(3). The Ninth Circuit reversed, holding as a matter of first impression within the circuit that the FDCPA does not authorize an award of fees and costs against a plaintiff's attorney under Section 1692k(a)(3). Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1140 (9th Cir. 2009). The Ninth Circuit focused on that legal conclusion and made no determination with respect to Judge Schiavelli's factual finding of bad faith. See id. at 1139 (assuming without deciding that action "was brought in bad faith and for the purpose of harassment").[1] Defendants now ask this Court to rely on Judge Schiavelli's factual findings to award fees and costs against Intervenor under 28 U.S.C. § 1927 and the Court's inherent authority. Defendants are seeking roughly $156,000. (See Mot. at 23.)

**I.     Section 1927**

    A court has discretion to award fees under Section 1927 when an attorney unreasonably and vexatiously multiplies the proceedings. See B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir.

---

    [1] Judge Schiavelli also awarded fees against Intervenor under Fed. R. Civ. P. 11. The parties agreed on appeal that Judge Schiavelli's reliance on Rule 11 was misplaced. See Hyde, 567 F.3d at 1139. Fees and costs were also awarded against Plaintiff himself, who did not appeal that ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-1040 ABC (SHx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | Darren Del Nero, et al. v. Midland Credit Management, et al. | | |

2002).[2] The Ninth Circuit has held that "section 1927 sanctions must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  Id. (quoting In re Keegan Mgmt. Co., Securities Litig., 78 F3d. 431, 436 (9th Cir. 1996), internal quotations omitted). Granting such sanctions is an extraordinary remedy, and a court should exercise its power to do so with "extreme caution."  Keegan, 78 F3d. at 437.

Defendants' pending motion rests on the conclusions reached by Judge Schiavelli in awarding attorneys' fees and costs against Plaintiff and Intervenor.  (February 20, 2007 Order (Docket # 193).) With respect to holding Intervenor liable for fees and costs, Judge Schiavelli focused on its representation of Plaintiff in other cases:  "The Court finds that fees should be imposed on counsel in this case because Plaintiff's counsel continued to file FDCPA suits on behalf of Mr. Del Nero *after* the court trial in this case."  (Id. at 3 (emphasis in original).)  In particular, Mr. Hyde had represented to Judge Schiavelli after the trial in this case that he "would never have agreed to represent [Plaintiff] in this case or any other matter" had he known at that time that his client was "less than forthcoming" about the "facts surrounding the . . . trial in this matter."  (Id. at 3-4 (emphasis omitted).)  Yet Intervenor continued to represent Plaintiff in other suits and even filed a new complaint on his behalf following trial.  (Id. at 4.)  Judge Schiavelli further noted that Plaintiff was sanctioned in that new suit for filing a baseless action.  (Id.)  "Taken together these post-trial facts and counsel's representation of Mr. Del Nero in numerous other FDCPA actions demonstrate that Plaintiff's counsel participated in the filing of bad faith FDCPA actions and should therefore be liable for Defendants' attorneys' fees along with Plaintiff Del Nero."  (Id.)

Intervenor argues that these findings are irrelevant because they do not relate to misconduct in this case.  (See Opp'n at 18-19.)  Although not cited by either party, Intervenor's position is supported by Ninth Circuit authority.  The Ninth Circuit has made clear that, with respect to Section 1927, this Court does "not have power to sanction conduct that occurred in a different court in a different case."  Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1997).  In that case, the Ninth Circuit refused to consider the merits of an argument for sanctions based on a purported misrepresentation made in a separate bankruptcy proceeding.  Id.; see also GRiD Sys. Corp. v. John Fluke Mfg. Co., 41 F.3d 1318, 1319 (9th Cir. 1994) (per curiam) (reversing sanctions imposed based on counsel's filing of a duplicative state court action because "[counsel] did not multiply the proceedings in the case before the district court. The suit filed in state court is an entirely separate action, not subject to the sanctioning power of the district court.")  Thus, to the extent that Judge Schiavelli's findings relate to misconduct in other actions,

---

[2] As an initial matter, Intervenor argues that Defendants' motion is improper because of the mandate issued in this case.  The Court disagrees as the Ninth Circuit neither expressly or implicitly ruled on the merits of Defendants' pending arguments, and the mandate does not otherwise foreclose consideration of the motion.  See, e.g., United States v. Cote, 51 F.3d 178, 181-82 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-1040 ABC (SHx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | Darren Del Nero, et al. v. Midland Credit Management, et al. | | |

they could not support this Court's imposition of sanctions under Section 1927.[3]

Some of Judge Schiavelli's findings do relate to misconduct in this case, but the Court finds that such misconduct is insufficient to impose sanctions under Section 1927. For example, Judge Schiavelli found that this case was brought to trial without sufficient evidentiary support because Plaintiff's only witness was not credible. (See February 20, 2007 Order at 2.) But there was no finding that Intervenor brought the case to trial with the required bad faith or recklessness for sanctions to be appropriate under Section 1927. Nor does the Court find the evidence in the record sufficient to make such a finding now. To the extent Judge Schiavelli's order refers to Intervenor's misrepresentation following trial that it was no longer representing Plaintiff in other cases, the Court does not find that the misrepresentation multiplied these proceedings or rises to the level of egregious misconduct for which monetary sanctions are generally reserved. The Court, of course, does not condone such behavior and admonishes Intervenor for it.

Accordingly, the Court concludes that Defendants are not entitled to fees and costs under Section 1927.

**II.    Inherent Authority**

The inherent power to sanction parties is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). A court may exercise that power when an attorney acts in bad faith or displays conduct tantamount to bad faith. B.K.B., 276 F.3d at 1108. Such a finding may be appropriate where, among other things, a party engages in behavior that has the effect of "delaying or disrupting the litigation or hampering enforcement of a court order." Primus Automotive Financial Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44. Indeed, the Ninth Circuit has recently emphasized that the level of misconduct must meet "a high threshold" to be sanctionable. Mendez v. County of San Bernardino, 540 F.3d 1109, 1132 (9th Cir. 2008) (citing Primus, 115 F.3d at 649). "Even in a case where the district court described a litigant's arguments as 'totally frivolous,' 'outrageous' and 'inexcusable' and called his behavior 'appalling,' [the Ninth Circuit] nonetheless refused to equate this characterization of conduct as synonymous with a finding of bad faith." Id. (quoting Primus, F.3d at 649).

The Court declines to award sanctions under its inherent authority. As noted above, the conduct cited by Judge Schiavelli as giving rise to his finding that Intervenor acted in bad faith arose

---

[3] The Ninth Circuit authority cited by Defendants does not alter this conclusion as it dealt with sanctionable conduct occurring in the case in which the sanctions were sought. See In re Itel Securities Litig., 791 F.2d 672, 674 (9th Cir. 1986) (affirming sanctions imposed on counsel who "repeatedly took actions in the Itel Securities Litigation for the sole purpose of obtaining fee-related concessions in connection with other litigation.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-1040 ABC (SHx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | Darren Del Nero, et al. v. Midland Credit Management, et al. | | |

predominantly in other cases and after the trial in this Court had concluded.[4] It did not delay or disrupt this litigation nor hamper the enforcement of a court order. Moreover, it appears that some of that misconduct has already resulted in monetary sanctions being levied in other cases. (See February 20, 2007 Order at 4.) Accordingly, the Court declines to exercise its discretion to issue sanctions in this case under its inherent authority.

**III.  Conclusion**

For the foregoing reasons, Defendants failed to persuade the Court that Intervenor's conduct is appropriately sanctioned for fees and costs pursuant to either Section 1927 or the Court's inherent authority. Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | IR for AB |

---

[4] Unlike Section 1927 sanctions, the Ninth Circuit has indicated that district courts may impose sanctions under their inherent authority based on conduct taken in other actions. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 873 (9th Cir. 1992) (finding that sanctions may be imposed under the district court's inherent powers for conduct in Guam territorial court).