1  Ryan G. Baker (Bar No. 214036)
      rbaker@bakermarquart.com
2  Brian T. Grace (Bar No. 307826)
      bgrace@bakermarquart.com
3  BAKER MARQUART LLP
   2029 Century Park East, Sixteenth Floor
4  Los Angeles, California 90067
   Telephone:  (424) 652-7800
5  Facsimile:   (424) 652-7850

6  *Attorneys for Non-Party Vania Chaker*

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         WESTERN DIVISION

11

12  DARREN DEL NERO, et al.,                CASE NO. 2:04-CV-01040-ABC-SH

13              Plaintiffs,
                                            NON-PARTY VANIA CHAKER'S
14        vs.                               APPLICATION FOR LEAVE TO FILE
                                            UNDER SEAL MOTION TO SEAL
15  MIDLAND CREDIT MANAGEMENT               AND SUPPORTING DOCUMENTS
    INC., et al.,
16                                          **[DOCUMENT PROPOSED TO BE
                Defendants.                 FILED UNDER SEAL]**
17
                                            Judge: Honorable Virginia A. Phillips
18                                          Courtroom: 8A

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Central District of California Civil Local Rule 79-5.2.2(a), by and through her counsel, non-party Vania Chaker respectfully submits this unopposed Application for Leave to Filed Under Seal the enclosed Motion to Seal; Declaration of Vania Chaker; Declaration of Brian T. Grace; and [Proposed] Order Granting the Motion to Seal. This case terminated on July 11, 2006, and both judges that oversaw this case have since retired. Accordingly, the Application is brought before the Presiding Judge, Hon. Virginia A. Phillips.

The aforementioned documents seek an order sealing certain references to proceedings in which Ms. Chaker was ordered to show cause regarding alleged contempt during witness testimony. Ultimately, Ms. Chaker was not found in contempt and the order to show cause was discharged. Recently, however, at least one litigant has seized on this Court's record to support the misleading allegation that this Court's record reflects Ms. Chaker's wrongdoing.

This Court has discretion to seal a judicial record for compelling reasons that override public disclosure. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978). Compelling and overriding reasons include the use of a court record "to gratify private spite or promote public scandal," or to circulate "libelous" statements. *Id.* at 598-99 (citing *Park v. The Detroit Free Press Co.*, 40 N.W. 731, 734 (Mich. 1888)).

Compelling reasons exist for sealing the Motion to Seal and Supporting Documents considering the personal and sensitive nature of the content of those documents. (Declaration of Ryan Baker ("Baker Decl."), ¶¶ 3-6.) If the Motion to Seal and Supporting Documents are publicly filed, they will highlight the very issues and exacerbate the problems that are the basis for this sealing request. (*Id.*, ¶ 5.) Accordingly, this Court should exercise its discretion to permit Ms. Chaker to file her Motion to Seal and Supporting Documents under seal.

//

//

| | |
|---|---|
| DATED: August 28, 2017 | BAKER MARQUART LLP |
| | /s/ Ryan G. Baker |
| | Ryan G. Baker |
| | *Attorneys for Non-Party Vania Chaker* |