UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 04-01040-ABC** | Date | September 8, 2017 |
| Title | *Darren Del Nero, et al. v. Midland Credit Management Inc., et al.* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| Beatrice Herrera | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   MINUTE ORDER RE APPLICATION FOR LEAVE TO FILE UNDER SEAL MOTION TO SEAL AND SUPPORTING DOCUMENTS (IN CHAMBERS)

Before the Court is non-party Vania Chaker's (hereinafter "Ms. Chaker") "Application for Leave to File Under Seal Motion to Seal and Supporting Documents" ("Application"), filed on August 28, 2017. (See Dkt. No. 255.)

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 597 (1978); see also Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). In the Ninth Circuit, "we start with a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995); see also Valley Broad. Co. v. U.S. Dist. Court – D. Nev., 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" Ctr. for Auto Safety, 809 F.3d

at 1096-97 (quoting Kamakana, 447 F.3d at 1179).  The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret."  Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).  What constitutes a "compelling reason" is "best left to the sound discretion of the trial court."  Nixon, 435 U.S. at 599.  "Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing."  Ctr. for Auto Safety, 809 F.3d at 1097 (internal quotation marks and citation omitted).

      The Court has considered all the documents filed in support of the Application.  The Court concludes Ms. Chaker fails to rebut the strong presumption in favor of public access to court records, as she did not provide a compelling reason to file under seal her motion to seal certain documents and docket entries in this case.  Ctr. for Auto Safety, 809 F.3d at 1096; see also Nixon, 435 U.S. at 597.  Accordingly, the Application is **DENIED**.  The Clerk of Court is directed to return Ms. Chaker's Application and supporting documents to her.  The documents filed at docket number 256 are ordered **STRICKEN**.

      **IT IS SO ORDERED.**